```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

 UNITED STATES OF AMERICA,    )
                              )
                              )
           v.                 )    1:14cr90 (JCC)
                              )
 IKE C. OKWESA,               )
                              )
      Defendant.              )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant Ike C. Okwesa's ("Defendant") Rule 58(g) appeal from a judgment of conviction entered by United States Magistrate Judge Ivan D. Davis on February 20, 2014.  [Dkt. 1.]  For the reasons that follow, the Court will affirm the judgment.

### I. Background

On November 23, 2013, United States Park Police officer Enrique Wong issued Defendant a citation for operating a vehicle in excess of the authorized speed limit, in violation of 36 C.F.R. § 4.21(c).  (Notice of Appeal (as paginated by CM/ECF) at 2-3.)  Specifically, Defendant was cited for traveling 73 miles per hour in a 50 mile per hour zone on the George Washington Memorial Parkway.  (*Id.* at 2.)

On February 20, 2014, Defendant appeared before Judge Davis for a bench trial on the aforementioned citation.  (Notice of Appeal at 3.)  The evidence adduced at trial established that

1

Officer Wong observed Defendant's vehicle traveling at a high rate of speed.  (Summ. of Proceedings [Dkt. 3] at 1-2.)  Officer Wong then clocked Defendant's vehicle traveling 73 miles per hour using the "LTI Ultralight laser."  (*Id.* at 2.)  Officer Wong testified that he was positioned at a 90 degree angle to Defendant's vehicle when he activated the laser and there was no obstructions blocking his view.  (*Id.*)  Officer Wong further testified that there was no chance the reading came from another vehicle.  (*Id.*)  Officer Wong then reviewed his qualifications and confirmed that the laser was functioning properly on the day in question.  (*Id.*)  Consistent with Officer Wong's testimony, the Government introduced the certificate of calibration for the laser used to register Defendant's speed that day.  (*Id.*)

Defendant briefly cross-examined Officer Wong, asking, among other things, whether he remembered Defendant stating that he pulled him over in error.  (Summ. of Proceedings at 2.)  Officer Wong testified that he could not recall the specifics of their conversation.  (*Id.*)  Defendant did not call any witnesses or present any evidence.  (*Id.* at 3.)  When asked if he wanted to take the stand and testify on his own behalf, Defendant replied "No sir."  (*Id.* at 3.)  Defendant then rested his case.

At the conclusion of the hearing, Judge Davis found Defendant guilty and sentenced him to pay a fine of $135.00 with a mandatory special assessment of $10.00 and a $25.00 processing

fee.  (Summ. of Proceedings at 3.)  The judgment was executed that same day.

On March 5, 2014, Defendant noticed the instant appeal pursuant to Federal Rule of Criminal Procedure 58(g).  (Notice of Appeal at 1.)  Defendant did not file a brief and his notice states only the following: "I was not guilty as convicted and I would like to show this."  (*Id.*)  The Government filed its opposition on April 22, 2014, arguing that Defendant has failed to raise a viable claim that is capable of review on appeal.  (Gov't Br. [Dkt. 5] at 2-3.)

Having been fully briefed, this matter is ripe for disposition.

## II. Standard of Review

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), a defendant may appeal a magistrate judge's judgment to a district judge within 14 days of its entry.  "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  Fed. R. Crim. P. 58(g)(2)(D).  Thus, in reviewing a judgment of conviction entered by a magistrate judge, a "district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction," rather than conducting a "trial *de novo*."  *United States v. Bursey,* 416 F.3d 301, 305 (4th Cir. 2005).

On appeal to the district court, the record consists of "the original papers and exhibits in the case together with any transcript, tape, or other recording of the proceedings and a certified copy of the docket entries . . . ." Fed. R. Crim. P. 58(g)(2)(C). Where the issue presented on appeal is purely a question of law, the district judge reviews the decision *de novo*. *United States v. Smith,* 115 F.3d 241, 244 (4th Cir. 1997). Findings of fact are reviewed for clear error, and credibility determinations are not susceptible to judicial review but rather are the sole province of the fact finder. *See Bursey*, 416 F.3d at 306; *United States v. Lomax,* 293 F.3d 701, 705 (4th Cir. 2002) (citation omitted).

### III. Analysis

The basis for Defendant's appeal is unclear. As noted above, his sole argument for relief is "I was not guilty as convicted and I would like to show this." (Notice of Appeal at 1.) To the extent Defendant is seeking to re-litigate his case before this Court, his appeal must be denied. It is well-settled that a defendant who is convicted by a magistrate judge is not entitled to a trial *de novo* in the district court. *See Bursey,* 416 F.3d at 305 ("An appellate review conducted by a district court after a bench trial before a magistrate judge is not a trial *de novo*[.]"); *United States v. Jackson,* No. 98-4065, 1998 WL 609705, at *2 (4th Cir. 1998) ("The district court's

4

review of a conviction entered by a magistrate judge is not a trial *de novo*; rather the district court's review is the same as the review by a court of appeals of a decision by a district court." (citations omitted)); *United States v. Hunter,* No. RWT 10cr32, 2010 WL 2245037, at *1-2 (D. Md. June 4, 2010) (prohibiting defendant from offering additional exhibits on appeal because this evidence was not before the magistrate judge).

Liberally interpreting Defendant's notice as an attack on the legal sufficiency of the evidence similarly provides no relief. The Fourth Circuit recently set forth the standard of review applicable to such a challenge as follows:

> "A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Foster,* 507 F.3d 233, 245 (4th Cir. 2007). In a sufficiency of the evidence challenge, [the court views] the evidence on appeal in the light most favorable to the government in determining whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *United States v. Collins,* 412 F.3d 515, 519 (4th Cir. 2005). [It] review[s] both direct and circumstantial evidence, and accord[s] the government all reasonable inferences from the facts shown to those sought to be established. *United States v. Harvey,* 532 F.3d 326, 333 (4th Cir. 2008). [It does] not review the credibility of the witnesses and assume[s] that the [fact-finder] resolved all contradictions in the testimony in favor of the government. *United States v. Kelly,* 510 F.3d 433, 440 (4th Cir. 2007). [The court] will uphold the [fact-finder's]

5

> verdict if substantial evidence supports it and will reverse only in those rare cases of clear failure by the prosecution. *Foster,* 507 F.3d at 244–45.

*United States v. Cone,* 714 F.3d 197, 212 (4th Cir. 2013).

Defendant has failed to meet this "heavy burden" here. Officer Wong's unrebutted testimony unequivocally establishes Defendant's guilt. Although Defendant has offered an alternative theory that he was pulled over in error, this Court is not permitted to "weigh the evidence or assess the credibility of witnesses" on appeal. *Kelly,* 510 F.3d at 440. The critical question is whether "'a reasonable finder of fact could accept [the evidence] as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *Id.* (quoting *United States v. Burgos,* 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). In the instant case, that question must be answered affirmatively.

## IV. Conclusion

Pursuant to the foregoing, the Court will affirm Defendant's conviction and dismiss this appeal. An appropriate order will follow.

|  |  |
|---|---|
| June 18, 2014 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |